UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REPRODUCTIVE HEALTH SERVICES, on behalf of its patients, physicians, and staff; and JUNE AYERS, RN,<br><br>Plaintiffs,<br><br>v.<br><br>LUTHER STRANGE, in his official capacity as Attorney General of the State of Alabama; and DARYL D. BAILEY, in his official capacity as District Attorney of Montgomery County, Alabama,<br><br>Defendants. | RECEIVED<br>OCT - 1 2014<br>CLERK<br>U.S. DISTRICT COURT<br>MIDDLE DIST. OF ALA.<br><br>CIVIL ACTION<br><br>Case No. 2:14-cv-1014<br><br>COMPLAINT |

Plaintiffs, by and through their undersigned attorneys, bring this Complaint against the above-named Defendants, their employees, agents, and successors in office, and in support thereof allege the following:

**PRELIMINARY STATEMENT**

1. Since 1987, Alabama law has required that before a physician can perform an abortion on a young woman under the age of 18, he or she must obtain the consent of one of the minor's parents or legal guardians. As required by the United States Constitution, this preexisting law provided an alternative mechanism by which a minor who was sufficiently mature to decide to terminate her pregnancy, or a minor for whom an abortion was in her best interests, could waive that requirement by obtaining an order from a juvenile court, or a court of equal standing (the "judicial bypass").

2. In 2014, the Alabama Legislature passed House Bill 494 (the "Act"). It was signed into law by the Governor and became effective July 1, 2014. The Act radically alters the judicial

1

bypass process in a wholly unprecedented manner that goes well beyond any judicial bypass statute that has ever been upheld by a federal court.[1] Unlike any other judicial bypass statute in the country—and in outright defiance of longstanding precedent mandating that judicial bypass statutes ensure the confidentiality of a minor seeking a bypass—the Act transforms the judicial bypass procedure from an *ex parte* hearing into an adversarial proceeding by authorizing the participation of the district attorney, a guardian ad litem for the minor's fetus, and the minor's parents in the bypass process. The Act gives these parties expansive powers, including the power to subpoena *any* witness (whether that be the minor's teacher, her employer, her aunt, or her boyfriend) to testify against the minor at the bypass hearing. In an equally unprecedented manner—and similarly in defiance of undisturbed precedent mandating that judicial bypass statutes ensure the expeditious resolution of bypass petitions—the Act accords these adverse parties the right to significantly delay the resolution of a minor's bypass petition, including by granting adverse parties the right to appeal a juvenile court judgment in the minor's favor.

3. The Act's amendments to the judicial bypass procedure will irreparably harm Plaintiffs' minor patients in numerous ways. Some minors who participate in a judicial bypass process that breaches their confidentiality will be abused, thrown out of their homes, or prevented from having an abortion. Other minors will be deterred from seeking a bypass, and will resort to illegal and unsafe abortions, or will be forced to seek parental consent even if it is not safe to do so. And the Act's failure to ensure that the bypass proceedings are resolved expeditiously will delay some minors past the point when they can obtain an abortion, and force them to bear children against their will.

---

[1] A copy of the Act is attached hereto as Exhibit A.

2

4.      Because the Act violates the constitutional rights of Plaintiffs' minor patients, and in order to avert the irreparable harms it would impose, Plaintiffs seek declaratory and injunctive relief.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over Plaintiffs' federal claims under 28 U.S.C. § 1331 and 28 U.S.C. §§ 1343(a)(3)-(4).

6.      Plaintiffs' action for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202 and by Rules 57 and 65 of the Federal Rules of Civil Procedure.

7.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in this district and three of the Defendants are located in this district.

## PARTIES

**A.     Plaintiffs**

8.      Plaintiff Reproductive Health Services ("RHS") is a licensed abortion facility, located in Montgomery, Alabama, that has provided safe and legal abortion services to women from Alabama and neighboring states for more than 35 years. RHS provides a range of high-quality reproductive health care services, including routine pap smears and well-woman exams; testing for sexually transmitted infections; contraceptive counseling and care, including Depo Provera shots; pregnancy testing and all options counseling; abortion services; and referrals for pre-natal care and/or adoption services. RHS provides abortion services to adults and minors, including minors who require a judicial bypass from the requirement of parental consent. RHS is the only licensed abortion facility in Montgomery. RHS sues on behalf of its patients, physicians, and staff.

3

9. Plaintiff June Ayers is a registered nurse, and has been the owner and Administrator of Plaintiff RHS for the past 30 years.

**B.   Defendants**

10. Defendant Luther Strange is the Attorney General of Alabama, located at 501 Washington Avenue, Montgomery, Alabama. The Attorney General may – at "any time he or she deems proper" – "superintend and direct the prosecution of any criminal case in any of the courts of this state," Ala. Code § 36-15-14 (2014), and may also "direct any district attorney to aid and assist in the investigation or prosecution of any case in which the state is interested," Ala. Code § 36-15-15 (2014). Additionally, the Attorney General "shall give the district attorneys of the several circuits any opinion, instruction or advice necessary or proper to aid them in the proper discharge of their duties." *Id.* As such, Defendant Strange is responsible for criminal enforcement of the Act, and for instructing district attorneys whom the Act directs to participate in judicial bypass proceedings. Defendant Strange is sued in his official capacity.

11. Defendant Daryl D. Bailey is the District Attorney for Montgomery County, located at 251 South Lawrence Street, Montgomery, Alabama. District attorneys have the power to "draw up all indictments and to prosecute all indictable offenses" within their territory. Ala. Code § 12-17-184(2) (2014). Additionally, the Act charges Defendant Bailey (or his representative) with participating in judicial bypass proceedings in Montgomery County. *See* Ala. Code § 26-21-4(i) (2014). As such, Defendant Bailey is responsible for criminal enforcement of the Act, and for carrying out the Act's mandate that district attorneys participate in judicial bypass proceedings. Defendant Bailey is sued in his official capacity.

## STATUTORY FRAMEWORK

**A.   Alabama's Parental Consent Law Prior to the Act**

4

12. Since 1987, Alabama has barred a physician from performing an abortion on an unemancipated minor unless the physician or his or her agents first obtain the consent of a parent or legal guardian of the minor. Ala. Code § 26-21-3(a) (2014). As is required by the United States Constitution, this preexisting law provided for a judicial bypass procedure, under which a minor could seek a court order waiving the requirement of parental consent if the court found either that the minor is sufficiently mature to consent to an abortion on her own or that the abortion is in the minor's best interests. Ala. Code §§ 26-21-3(d), 26-21-4(g) (2013); *see also Bellotti v. Baird*, 443 U.S. 622 (1979).

13. The preexisting law expressly required that the court ensure that a minor's identity was kept confidential as she attempted to utilize the bypass process, and did not permit any persons other than court personnel to know the minor's identity. Ala. Code § 26-21-4 (c) (2013).

14. Prior to the Act, Alabama law contemplated that the bypass proceeding would involve only the minor and the judge. It did not authorize the involvement of the local district attorney, a guardian ad litem to represent the interests of the fetus, the minor's parents, or any other parties or persons. *See* Ala. Code § 26-21-4 (2013). The preexisting law likewise did not permit the Court or anyone else to subpoena witnesses to testify against the minor at a bypass proceeding. *See* Ala. Code § 26-21-4 (2013). Additionally, only the minor was permitted to appeal a denial of a bypass. Ala. Code § 26-21-4(n) (2013).

15. Until the passage of the Act, judicial bypass proceedings were "available to minors whether or not they [were] residents of th[e] state." Ala. Code § 26-21-4(a) (2013).

**B.    The Act's Changes to the Judicial Bypass Process**

5

16.     The Act makes significant and unprecedented changes to the judicial bypass process such that it no longer provides an effective, confidential, and expeditious alternative to parental consent, in violation of minors' constitutional rights.

17.     Unlike the judicial bypass statutes of every other state with a parental involvement law, the Act transforms the judicial bypass proceeding from an *ex parte* hearing into an adversarial one. In particular, the Act requires that when a minor files a bypass petition, the court "shall immediately notify the district attorney's office of the county in which the minor is a resident, or the county where the petition was filed of the filing of the petition." Ala. Code § 26-21-4(i) (2014). Under the Act, the district attorney or his or her representative "shall" participate in the minor's bypass proceeding "as an advocate for the state." *Id.* The Act makes clear that the state's interest is "not only to . . . protect the rights of the minor mother, but also to protect the state's public policy to protect unborn life." Ala. Code § 26-21-1(d) (2014).

18.     Additionally, the Act authorizes the court to appoint a guardian ad litem to represent "the interests of the unborn child" at the minor's hearing. Ala. Code § 26-21-4(j) (2014).

19.     The Act also requires that, if a minor's parents or guardians are already otherwise aware of the bypass proceeding, the court must give them notice of the proceeding and permission "to participate in the proceeding and be represented by counsel with all of the rights and obligations of any party to the proceeding." Ala. Code § 26-21-4(l) (2014).

20.     The Act gives these three categories of adverse parties expansive powers. Each is authorized to cross-examine the minor and any witnesses. Ala. Code §§ 26-21-1(d), (j), (l) (2014). Moreover, the Act likewise authorizes any of these adverse parties, as well as the court, to subpoena any witness to testify against the minor. Ala. Code § 26-21-4(f), (k) (2014).

21. The Act eliminates any meaningful right of a minor to maintain confidentiality during the bypass process. It expressly states that the minor's identity may be revealed to "the judge, any guardian ad litem, the district attorney or any representative of the district attorney's office of the county where the minor is a resident or the county where the abortion is to be performed, any appropriate court personnel, any witness who has a need to know the minor's identity, or any other person determined by the court who needs to know." Ala. Code § 26-21-4(c) (2014).

22. The Act likewise gives the district attorney, the guardian ad litem for the fetus, and the minor's parents the ability to delay the resolution of the minor's petition in multiple respects. It provides that the trial court shall rule on a minor's bypass petition within forty-eight hours, not including Saturdays, Sundays and legal holidays, but that "this time requirement may be extended on the request of the minor or any other participant in the proceeding, or by order of the court for the purpose of obtaining further testimony or evidence necessary for it to make an informed decision and to do substantial justice." Ala. Code § 26-21-4(e) (2014). Preexisting law allowed only the minor to seek such an adjournment. Ala. Code § 26-21-4(e) (2013). The Act gives the court discretion to determine the number and length of such delays, stating that "any such delay shall not be more than one business day for which the applicable court is open to the public, unless justice requires an extension thereof." Ala. Code § 26-21-4(k) (2014).

23. While the prior Alabama law allowed only the minor, and no other party, to appeal a trial court's ruling on the petition, the Act permits the district attorney, the fetus's guardian ad litem, and/or the minor's parents to appeal a trial court decision to grant a minor's bypass petition.

24. The Act also restricts the bypass process "to minors who are residents of this state." Ala. Code § 26-21-4(a) (2014).

7

25. The Act provides that "[a]ny person who intentionally performs or causes to be performed an abortion in violation of the provisions of this chapter or intentionally fails to conform to any requirement of this chapter, shall be guilty of a Class A misdemeanor." Ala. Code § 26-21-6(a)(1) (2014). Plaintiff RHS's physicians and Plaintiff Ayers also face potential suspension and/or permanent revocation of their professional licenses for failure to comply with the Act. The Act states that "[a]ny conviction of any person for any failure to comply with the requirements of this chapter may result in the suspension of the person's professional license for a period of at least one year and shall be reinstated after that time only on such conditions as the appropriate regulatory or licensing body may require to insure compliance with this chapter." Ala. Code § 26-21-6(a)(2) (2014). If further provides that "[i]n addition to whatever remedies are available under the common or statutory law of this state, failure to comply with the requirements of this chapter shall provide a basis for professional disciplinary action under any applicable statutory or regulatory procedure for the suspension or revocation of any license for physicians, psychologists, licensed social workers, licensed professional counselors, registered nurses, or other licensed or regulated persons." Ala. Code § 26-21-6(a)(3) (2014).

## FACTUAL ALLEGATIONS

### A. Minors Seeking Abortion

26. Legal abortion is one of the safest medical procedures in the United States, both for minors and adult women. The rate of complications from abortion is extremely low—less than 0.3% of abortion patients have complications requiring hospitalization—and minors have even lower rates of complications than do adult women. Plaintiff RHS's rate of complications is even lower.

27.     While abortion is an incredibly safe procedure, the risks of the procedure increase as pregnancy progresses. Each week of delay increases the risks of the procedure, and delays that prolong a woman's pregnancy into the second trimester increase both the medical risk and the financial cost of the procedure.

28.     In Alabama and throughout the United States, most minors who have an abortion do so with the knowledge of one or both of the minor's parents. Of those minors who feel they cannot involve a parent, most involve another trusted adult in their decision to seek an abortion. The younger the minor, the more likely she will be to involve a parent in her decision to obtain an abortion.

29.     When a minor does not involve a parent in her decision to terminate her pregnancy, she generally has compelling reasons, including the fear of physical violence; of being forced to leave home; of being disowned; or of being forced to carry an unwanted pregnancy to term.

30.     For a minor who cannot involve a parent in her decision to have an abortion and who must seek a judicial bypass, the ability to maintain her confidentiality during the bypass process is essential. For minors at risk of being abused, thrown out of the house, or disowned, their safety turns on whether or not they can pursue a judicial bypass confidentially.

31.     Additionally, many minors seeking a judicial bypass are not only concerned about maintaining confidentiality with respect to their parents, but are also fearful that others in their lives will find out that the minor is pregnant and seeking an abortion. If others in the minor's life learn about her circumstances, it not only increases the risk of a breach of confidentiality with respect to a parent, but is also harmful to the minor in and of itself, given the intensely private nature of the decision about whether to terminate a pregnancy.

32. When minors cannot be certain that the bypass system will guarantee their confidentiality, some will go to extreme lengths, including but not limited to obtaining an illegal abortion, self-inducing an abortion, or having a child they did not wish to have for fear of retribution if they were to end their pregnancy.

33. The American Medical Association, the American College of Obstetricians and Gynecologists, the American Academy of Pediatrics, the Society for Adolescent Health and Medicine, and the American Public Health Association, among other health professional organizations, all conclude that minors should be permitted to obtain an abortion without mandated parental consent. Based upon a review of the research, these organizations have recognized that minors are competent to consent to abortion, that mandatory parental consent laws do not enhance family communication, and that such laws harm minors by delaying their ability to obtain an abortion.

34. Research establishes that most minors between the ages of 14 and 17 are as competent as adults to consent to an abortion. These minors seeking an abortion are able to understand their options, the risks and benefits of each, and are able to make informed and independent decisions.

**B.    The Effect of the Act on Plaintiffs' Patients**

35. The Act fails to assure a minor that a bypass hearing and any appeals that follow will be conducted in a way that satisfactorily preserves her confidentiality and provides her with an effective and expeditious opportunity to seek a waiver of the parental consent requirement, even if she is mature and/or the abortion is in her best interests.

36. The Act's provisions requiring that the district attorney's office participate in the proceeding, permitting the minor's parents or guardian to participate in the proceeding, permitting

10

a guardian ad litem for the fetus to participate in the proceeding, and permitting the court and any of these adverse parties to subpoena *any* witness create a bypass procedure that fails to protect minors' confidentiality.

37. The experience of going to court is frightening and intimidating for many minors, and this is especially true in the context of seeking judicial authorization for an abortion, which necessarily involves addressing deeply personal matters to a judge. It is terrifying to minors who seek a bypass that the decision about whether she can have an abortion—one that will literally change the course of her life—is in the hands of a stranger. This fear will be significantly increased due to the Act's provisions including the adverse parties in the proceeding, and the fact that the minor will have to address these private matters in front of all of these parties and be cross-examined by them about the details of her personal and sexual lives and her choice to seek an abortion.

38. As if having to face all these parties were not enough, the minor also will not know who else will appear at her bypass proceeding, as any of these parties may subpoena witnesses to come testify. Witnesses who would have information relevant to the minor's maturity and/or best interests include her partner, her friends, her teachers, her relatives, her coaches, her neighbors, and/or her employer. The Act grants adverse parties the right to subpoena these witnesses and others to participate in the bypass hearing, which will cause the witnesses to learn that the minor is sexually active, pregnant, and desires an abortion. For many minors, the "option" of such a proceeding will be no option at all and they will choose not to seek court approval. Such a proceeding is, moreover, the very opposite of confidential.

39. The Act puts some minors at risk of severe harm because the parents of some minors for whom parental notice is not in their best interests will learn of their daughter's

11

pregnancy and planned abortion. This will occur either because their situation is discovered as they attempt to utilize the non-confidential bypass process or because the bypass process is so daunting that minors feel they have no option but to seek consent from their parents. Some of these minors will be abused, others will be forced to continue their pregnancies and have a child they did not want, and still others will be kicked out of their homes and cut off from their families. Even if their parents do not learn of their circumstances, minors will be harmed from the loss of confidentiality as others in their lives are informed that the minor is pregnant and seeking an abortion.

40. The Act further harms Plaintiffs' minor patients by creating a bypass procedure that is not expeditious. Proceedings in the trial court can be delayed by the unprecedented right of adverse parties to adjourn the proceedings. Moreover, even if a minor is granted a bypass, the Act's equally unprecedented provision permitting parties other than the minor to appeal the court's grant of a bypass will significantly delay a minor's ability to obtain an abortion by as long as a month.

41. Such delays will push some minors past the point of being able to obtain an abortion. Plaintiff RHS performs abortions only up to 14 weeks as dated from the woman's last menstrual period ("LMP"), and most if not all of its minor patients lack the financial resources and capacity to travel to a distant abortion provider who performs abortions later in gestation. The next-closest provider of abortions after 14 weeks LMP is in Tuscaloosa—a more than 200-mile round-trip journey.

42. Additionally, even for minors who are not pushed past the point of being able to obtain an abortion, the delays imposed by the Act will increase the medical risks of the procedure.

43. Plaintiffs' patients have no adequate remedy at law.

12

## CLAIMS FOR RELIEF

### COUNT I

**(Substantive Due Process – Right to an Effective, Confidential, and Expeditious Judicial Bypass)**

44. The allegations of paragraphs 1 through 43 are incorporated as though fully set forth herein.

45. The Act's judicial bypass provisions violate Plaintiffs' patients' right to liberty and privacy as guaranteed by the due process clause of the Fourteenth Amendment to the United States Constitution by failing to provide an adequate judicial bypass to the parental consent requirement.

### COUNT II

**(Substantive Due Process – Right to Informational Privacy)**

46. The allegations of paragraphs 1 through 45 are incorporated as though fully set forth herein.

47. The Act's judicial bypass provisions violate Plaintiffs' patients' right to liberty and privacy as guaranteed by the due process clause of the Fourteenth Amendment to the United States Constitution by permitting adverse parties and the court to disclose deeply sensitive, private information about the minor to others, including to any potential witness.

### COUNT III

**(Right to Travel)**

48. The allegations of paragraphs 1 through 47 are incorporated as though fully set forth herein.

49. The Act's provision limiting access to the judicial bypass to only Alabama residents violates out-of-state minors' fundamental right to interstate travel as guaranteed by the Privileges

and Immunities Clause of the United States Constitution by impairing the right of minors living outside of Alabama to travel to Alabama to obtain abortion services.

## COUNT IV

### (Equal Protection)

50.     The allegations of paragraphs 1 through 49 are incorporated as though fully set forth herein.

51.     The Act's provision limiting access to the judicial bypass to only Alabama residents violates out-of-state minors' right to equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution by differentially treating minors based on their state of residence and whether they have traveled into Alabama to obtain an abortion, thereby creating classifications that penalize the exercise of the fundamental right to interstate travel.

WHEREFORE, Plaintiffs respectfully request that the Court:

1.    issue a declaratory judgment that:

    a.    Ala. Code §§ 26-21-4(f), (i), (j), (k), and (l) are unconstitutional;

    b.    Ala. Code § 26-21-4(a) is unconstitutional insofar as it prohibits non-resident minors from seeking a judicial bypass;

    c.    Ala. Code § 26-21-4(c) is unconstitutional insofar as it authorizes a breach of the minor's confidentiality to any of the following: the guardian ad litem for the fetus, "the district attorney or any representative of the district attorney's office of the county where the minor is a resident or the county where the abortion is to be performed, . . . any witness who has a need to

know the minor's identity, or any other person determined by the court who needs to know";

    d.    Ala. Code § 26-21-4(e) is unconstitutional insofar as it authorizes an extension of the time requirement on the request of any participant in the hearing other than the minor, or by order of the court; and

    e.    Ala. Code § 26-21-4(n) is unconstitutional insofar as it authorizes an appeal by any party other than the minor;

2. issue injunctive relief, without bond, prohibiting enforcement of Ala. Code §§ 26-21-4(f), (i), (j), (k), and (l), and prohibiting enforcement of Ala. Code §§ 26-21-4(a), (c), (e), and (n) to the extent those provisions are unconstitutional as set forth above;

3. award Plaintiffs costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

4. grant such other, further, and different relief as the Court may deem just and proper.

Dated: October 1, 2014

                                          Respectfully submitted,

                                          Randall C. Marshall
                                          ASB-3023-A56M
                                          ACLU Foundation of Alabama, Inc.
                                          P.O. Box 6179
                                          Montgomery, AL 36106-0179
                                          rmarshall@aclualabama.org
                                          (334) 420-1741

                                          Andrew Beck*
                                          New York State Bar No. 4740114
                                          Jennifer Dalven*
                                          New York State Bar No. #2784452
                                          American Civil Liberties Foundation

125 Broad Street, 18th Floor
New York, NY 10004
abeck@aclu.org
jdalven@aclu.org
(212) 549-2633

*Attorneys for Plaintiffs*

*\*motion for admission pro hac vice pending*